FILED: 10/10/2019 8:37 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 37535946
Reviewed By: Annette Vaughan

CAUSE NO. B190416-C

| | | |
|---|---|---|
| **BARBARA CONTRERAS and LOUIS CONTRERAS,** *Plaintiffs* | § § § § | **IN THE DISTRICT COURT OF** |
| **V.** | § § § | **ORANGE COUNTY, TEXAS** |
| **GREAT LAKES INSURANCE SE (Formerly known as Great Lakes Reinsurance (UK) SE),** *Defendants* | § § § § | **163rd JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Come now, **BARBARA CONTRERAS and LOUIS CONTRERAS**, hereinafter referred to as Plaintiffs, and file this petition complaining of and about **GREAT LAKES INSURANCE SE (Formerly known as Great Lakes Reinsurance (UK) SE)**, hereinafter referred to as Defendant, and for cause of action, would show this Honorable Court as follows:

### 1. DISCOVERY LEVEL

Discovery in this matter is to be conducted according to Level 3 per Tex. R. Civ. P. 190.4.

### 2. JURISDICTION & VENUE

Both Jurisdiction and venue are proper in the District Court of Orange County, Texas because all or a substantial part of the events giving rise to the cause of action occurred here.

### 3. PARTIES

Plaintiffs are resident citizens of Orange County, Texas.

Defendant, **GREAT LAKES INSURANCE SE (Formerly known as Great Lakes Reinsurance (UK) SE)**, is an entity engage in the business of insurance in the State of Texas and

1

# EXHIBIT A

Plaintiffs' causes of action arise from those activities. Defendant is to be served by serving the Commissioner of Insurance for the State of Texas at the mailing address of:

> Chief Clerk Office
> 333 Guadalupe
> MC 113-2A, P.O. Box 149104
> Austin, Texas 78714-9104

Plaintiffs request that the District Clerk include two copies of the documents to be served in the service on the Commissioner of Insurance and a check in the amount of $50.00 from the undersigned law firm payable to the Texas Department of Insurance for its fee. Upon service on the Commissioner, Plaintiffs request that the Commissioner of Insurance forward the process or a true copy thereof to CT Corporation System 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## 4. FACTS

Plaintiffs are the owner of an insurance policy No. GP 16310748832 ("the Policy") which was issued by Defendant. Plaintiffs owned property insured by the Policy, specifically located at 3125 Zoann, Vidor, Orange County, Texas ("the Property"). The Policy had been sold by Defendant to Plaintiffs to insure the aforementioned property.

On or about August 25, 2017 and through August 31, 2017, "Hurricane Harvey" struck Southeast Texas, including Orange County, Texas, causing severe damage to homes and businesses throughout this region including the Property. Plaintiffs timely filed an insurance claim with Defendant for the damages to the Property caused by Hurricane Harvey, said damages being direct and consequential.

Plaintiffs' claim included claims covered by the Policy for all roof damage, ceiling damage, wall damage, water and moisture damage, ductwork damage, wind damage, and damage to the

structure of the property, all sustained as a result of Hurricane Harvey. Plaintiffs thus made the timely and lawful request and demand that Defendant cover the costs necessary to restore and/or repair the Property pursuant to the Policy. Defendant assigned Raul D. Anagnostopooulos, an employee of The Littleton Group, to be the individual adjuster and/or claims handler. Said adjuster was, at all times material, acting as an agent, servant and/or representative of Defendant.

As set out herein, Defendant wrongfully denied Plaintiffs' claims made under the Policy even though the Policy provided coverage for such losses. Moreover, Defendant continues to deny such claims and has yet to make payment as mandated under the Policy. As such, Plaintiffs have not been paid in full for the damages to the Property. Plaintiffs believe the damage to the Property totals approximately $29,818.31.

## 5.   CAUSE OF ACTION – BREACH OF CONTRACT

Defendant, directly and by and through its agents, servants and representatives, failed to perform their contractual duties pursuant to the Policy. As such, Defendant's conduct constitutes a breach of contract; to wit: a breach of the contract as embodied in the Policy.

## 6.   CAUSE OF ACTION – TEX. INS. CODE AND UNFAIR CLAIMS SETTLEMENT PRACTICES

Defendant, directly and by and through its agents, servants and representatives, has violated Tex. Ins. Code 541.060 and committed unfair settlement practices with regarding to Plaintiffs' claims under the Policy.

## 7.   CAUSE OF ACTION – TEX. INS. CODE 541.060(a)(1)

Defendant, directly and by and through its agents, servants and representatives, misrepresented that the damage to the Property occasioned by Hurricane Harvey was not covered

under the Policy when, in fact, it was a covered occurrence or event.  This constitutes a violation(s) of the Texas Insurance Code – Unfair Settlement Practices.  See Tex. Ins. Code 541.060(a)(1).

### 8.   CAUSE OF ACTION – TEX. INS. CODE 541.060(a)(2)(A)

Defendant, directly and by and through its agents, servants and representatives, failed to make an attempt to settle Plaintiffs' claim in a fair manner even though they were aware of Defendant's liability under the Policy.  This constitutes a violation(s) of the Texas Insurance Code – Unfair Settlement Practices.  See Tex. Ins. Code 541.060(a)(2)(A).

### 9.   CAUSE OF ACTION – TEX. INS. CODE 541.060(a)(3)

Defendant, directly and by and through its agents, servants and representatives, failed to make or provide an adequate or required explanation to Plaintiffs as to the reasons for denying Plaintiffs' claim under the Policy.  Defendant, directly and by and through its agents, servants and representatives, thus failed to offer adequate compensation and failed to provide a proper explanation why full and/or adequate compensation was not being made.  Defendant, directly and by and through its agents, servants and representatives, did not communicate or otherwise state that any future settlements or payments would be forthcoming to pay for the full amount of covered losses under the Policy nor did Defendant, directly and by and through its agents, servants and representatives, provide an adequate explanation for these failures.  This constitutes a violation(s) of the Texas Insurance Code – Unfair Settlement Practices.  See Tex. Ins. Code 541.060(a)(3).

### 10. CAUSE OF ACTION – VIOLATION OF TEX. INS. CODE 541.060(a)(7)

Defendant, directly and by and through its agents, servants and representatives, refused to full compensate Plaintiffs under the Policy even though Defendant, directly and by and through its agents, servants and representatives, failed to conduct a reasonable investigation regarding this claim.  Defendant, directly and by and through its agents, servants and representatives, conducted

an outcome-oriented, predetermined investigation of Plaintiffs' claims that resulted in a biased, unfair, inequitable and false evaluation of Plaintiffs' damages to the Property. This constitutes a violation(s) of the Texas Insurance Code – Unfair Settlement Practices. See Tex. Ins. Code 541.060(a)(7).

## 11. CAUSE OF ACTION – TEX. INS. CODE 542

Defendant, directly and by and through its agents, servants and representatives, has failed to meet its obligations regarding payment of claims without delay. Such delay has been longer than the facts and circumstances would warrant, and such delay has been unreasonable, unacceptable and unconscionable. In this regard, defendant has violated the Texas Insurance Code regarding Prompt Payment of Claims as set forth in Subchapter B of Tex. Ins. Code 542, including 542.055, 542.056 and 542.058.

## 12. CAUSE OF ACTION – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Defendant, directly and by and through its agents, servants and representatives, by their wrongful and unlawful acts and omissions herein, has breached the common law duty of good faith and fair dealing.

## 13. CAUSE OF ACTION – FALSE REPRESENTATIONS

Defendant, directly and by and through its agents, servants and representatives, has knowingly or recklessly made false representations of material fact(s) and, further, has knowingly or recklessly concealed such fact(s) from Plaintiffs.

## 14. CAUSE OF ACTION – GENERAL BUSINESS PRACTICE OF DEFENDANT

Defendant's conduct, directly and by and through its agents, servants and representatives, constitutes more than an isolated instance. It is part of the general business practices of Defendant,

directly and by and through its agents, servants and representatives, employed such wrongful and unlawful practices so as to be unfairly designed to reach unjustified favorable outcomes for Defendant at the expense of Plaintiffs and other policy holders.

### 15. CAUSE OF ACTION – FRAUD

Defendant, directly and by and through its agents, servants and representatives, have committed common law fraud as to Plaintiffs and are further liable under that cause of action.

### 16. CAUSE OF ACTION -- CONSPIRACY

Defendant, directly and by and through its agents, servants and representatives, have engaged in a conspiracy, including a conspiracy to commit fraud, as to Plaintiffs and others similarly situated.

### 17. CAUSE OF ACTION – UNFAIR COMPETITION AND UNFAIR AND DECEPTIVE ACTS AND PRACTICES

Defendant's wrongful and unlawful acts and omissions, as done directly and by and through its agents, servants and representatives, are such so as to constitute unfair competition and unfair and deceptive acts and practices.

### 18. CAUSE OF ACTION – TEX. INS. CODE 541.151

Plaintiffs hereby invoke Tex. Ins. Code 541.151 so as to make fully actionable their complaints and causes of action herein.

### 19. CAUSE OF ACTION -- KNOWINGLY

Defendant's wrongful and unlawful acts and omissions, as done directly and by and through its agents, servants and representatives, are such so as have been done "knowingly" as that term is defined and interpreted under the Tex. Ins. Code.

## 20. DAMAGES

The above acts and omissions have legally caused damage to Plaintiffs. The causes of actions set forth above has, jointly and severally, been the legal, proximate and producing cause of damage to Plaintiffs. Plaintiffs are thus entitled to recover and hereby sue for the recovery of the following:

(1) Benefits owed Plaintiffs under the Policy including the reasonable cost of all repairs needed to repair the Property as a result of the damage caused by Hurricane Harvey.

(2) Loss of use of the Property;

(3) Economic hardship and loss;

(4) Mental anguish;

(5) All penalty and interest allowed them pursuant to Tex. Ins. Code;

(6) Exemplary and punitive damages;

(7) Costs of court;

(8) Reasonable and necessary attorneys' fees including all such fees through trial and any appeal thereof;

## 21. RIGHT TO AMEND/SUPPLEMENT

Plaintiffs reserve the right to amend this petition and add, delete and/or modify these allegations as the facts and circumstances may dictate.

## 22. AMOUNT OF DAMAGES

The damages to be awarded herein is a matter lying largely, if not entirely, within the discretion of the finder of fact and based on the evidence as presented. In compliance with Tex. R. Civ. P. 47, your Plaintiffs seek monetary relief in excess of 200,000.00 and not to exceed $1,000,000.00.

## 23. RECOVERY OF INTEREST

Plaintiffs also asserts a claim for both pre- and post-judgment interest for all elements of damages, as allowed by law.

## 24. RULE 193.7 NOTICE

This is given as notice to the Defendant that Plaintiffs intend to use all of Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## 25. REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this petition.

## PRAYER

Plaintiffs pray each of the Defendants be duly cited in terms of law to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment against each of the said Defendants for all damages, in a total sum in excess of this Court's minimum jurisdictional requirements, together with both pre-judgment and post-judgment interest, at the legal rate thereon, for costs of court, for punitive and/or exemplary damages, and for such other and further relief, special and general, at law or in equity, to which Plaintiffs may be justly entitled to receive.

Respectfully submitted,

**THE FERGUSON LAW FIRM, L.L.P.**

*/s/Paul F. "Chip" Ferguson, Jr.*
Paul F. Ferguson, Jr.
State Bar No. 06919200
cferguson@thefergusonlawfirm.com
350 Pine Street, Suite 1440
Beaumont, Texas 77704
(409)832-9700 phone
(409)832-9708 fax

**ATTORNEY FOR PLAINTIFFS**